IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBORA A. TURNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:03-CV-1205-P |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security | § | |
| Administration, | § | |
| | § | |
| Defendant. | § | |

## AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's Order of Reference, entered July 18, 2003, Plaintiff Debora A. Turner's ("Plaintiff") social security appeal, filed March 12, 2003, was referred to the United States Magistrate Judge for report and recommendation. The United States Magistrate Judge entered his Findings, Conclusions, and Recommendation, dated October 27, 2005, recommending that the District Court affirm the findings of the Commissioner. Plaintiff filed objections to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge on December 10, 2005. In order entered February 27, 2006, the District Court re-referred this case to the United States Magistrate Judge for consideration of Plaintiff's objections. This report amends Section III, Subsection B(1) of the Findings Conclusions, and Recommendation of the United States Magistrate Judge, dated October 27, 2005, entitled "Did the ALJ apply the correct legal standard to Dr. Wallace's opinions?"

The Court amends its previous finding that the ALJ did apply the correct legal standard to Dr. Wallace's opinion and, after further consideration, instead finds that the ALJ did not apply the correct legal standard to Dr. Wallace's opinion. The District Court, in an order entered by Judge

Buchmeyer on May 3, 2002, previously reversed and remanded this case with instructions to the ALJ to further consider and explain the weight given to all of the medical sources pursuant to the factors outlined in 20 CFR § 404.1527(d). Upon remand, the ALJ issued a second decision, in which the ALJ rejected the opinions of Plaintiff's two treating physicians, Dr. Wallace and Dr. Rodriguez. The ALJ correctly determined that Dr. Wallace's opinion was not entitled to receive "controlling weight" because the ALJ found that Dr. Wallace did not refer to any particular diagnostic test of clinical observation and this his opinion was inconsistent with the objective medical evidence. (*Tr.* at 386-88.) *See* 20 C.F.R. § 404.1527(d)(2) (explaining that a treating physician's opinion only receives "controlling weight" if the opinion is "well-supported by medically-accepted clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record"). The ALJ then rejected Dr. Wallace's opinion completely.

The Court finds that the ALJ did not apply the proper legal standard when rejecting Dr. Wallace's opinion. An ALJ must give "good reason" for the weight he or she assigns to a treating physician's opinion. 20 C.F.R. § 404.1527(d)(2). Once the ALJ declines to give a treating physician's opinion controlling weight, the ALJ must consider the following factors when deciding what weight to assign the treating physician's opinion: (1) the physician's length of treatment; (2) the physician's frequency of examination; (3) the nature and extent of the treatment of the relationship; (4) the support of the physician's opinion afforded by the medical evidence of the record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. 20 C.F.R. § 404.1527(d).

The plain language of the Social Security Regulations requires the ALJ to consider each of

these factors when deciding what weight to assign a treating physician's opinion. Although some courts have found that the ALJ does not have to reference each factors listed in 20 C.F.R. § 404.1527(d), the Court finds that in this case, when the ALJ completely rejected the opinion of the treating physician and when the District Court had previously instructed the ALJ to consider each factor, the ALJ had an obligation to comply with the District Court's order and discuss each factor when rejecting the opinions of Dr. Wallace and Dr. Rodriguez.

The ALJ erred because, contrary to the mandate of the Social Security Regulations and the District Court's order instructing the ALJ to consider each of these factors, the ALJ's decision did not demonstrate that he had considered each factor listed in 20 C.F.R. § 404.1527(d) when deciding what weight to assign to Dr. Wallace's opinion. The Court recommends that the District Court reverse and remand this case with instructions to the ALJ to consider and specifically discuss *each* factor outlined in 20 C.F.R. § 404.1527(d) when explaining the weight the ALJ gave to Dr. Wallace's opinion. The ALJ should explain the impact each 20 C.F.R. § 404.1527(d) factor had on his decision of what weight to assign to Dr. Wallace's opinion. The ALJ should not limit his discussion to the factors that support his decision but should address each factor. In addition, conclusory or brief references to the 20 C.F.R. § 404.1527(d) factors will not suffice. The ALJ needs to examine the record and consider and reference the evidence available for each factor and whether that factor supports or detracts from the ALJ's conclusion of what weight to assign Dr. Wallace's opinion.

In addition, the Court finds that the ALJ did not apply the correct legal standard when rejecting the opinion of Plaintiff's other treating physician, Dr. Rodriguez. Accordingly, the Court also recommends that the District Court reverse and remand with instructions to the ALJ to consider

and specifically discuss *each* factor outlined in 20 C.F.R. § 404.1527(d) when explaining the weight the ALJ gave to Dr. Rodriguez's opinion. The ALJ should utilize and reference the factors as applied to Dr. Rodriguez in the same manner that the Court explains above as applied to Dr. Wallace.

Accordingly, the Court recommends that the District Court should **REVERSE** and **REMAND** this case with the instructions enumerated above.

**SO RECOMMENDED**.  February 27, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE